**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**PHILLIP COMEAU,**

       **Plaintiff,**

**v.**                              **Civil Action No.** 3:25-cv-113 Groh
                                                  _____

**CADIN SPESSERT, THOMAS BRYAN,**
**AUSTIN SHANK and**
**NOAH HARMON**

| ELECTRONICALLY FILED |
|---|
| 7/22/2025 |
| U.S. DISTRICT COURT |
| Northern District of WV |

       **Defendants.**

**COMPLAINT**

Comes now, Phillip Comeau, by counsel, Stroebel & Stroebel, P.L.L.C. and for his Complaint, states as follows:

1.     Plaintiff, Phillip Comeau, was wrongfully arrested and detained on or about July 22, 2024, by the defendant police officers, Cadin Spessert, Thomas Bryan, Austin Shank and Noah Harmon.  Plaintiff's home was also illegally searched at the time of his arrest.  Plaintiff was a resident of Martinsburg, Berkeley County, West Virginia at the time of the wrongful search, arrest and detention.  Plaintiff's claims are made pursuant to 42 U.S.C. § 1983 as well as state common/statutory laws.  All events herein took place in Berkeley County, West Virginia.  When applicable, plaintiff seeks damages up to the amount of insurance coverage provided to the defendants.

2.     Upon information and belief, Defendants Cadin Spessert, Thomas Bryan, Austin Shank and Noah Harmon, were employed by the West Virginia State Police.  All of the officers participated in the wrongful arrest.

3.     Upon information and belief, Defendants were employed by the West Virginia State Police and were acting under the color of state law at the time they wrongfully arrested,

detained and searched plaintiff's home. Defendants are being sued in their individual capacities. Plaintiff seeks damages up to the amount of insurance available if applicable.

4.      On July 22, 2024, Plaintiff was in his home sleeping when the defendants knocked on his door. Plaintiff answered the door and asked what this was about. Defendants were rude and abrasive and failed to initially tell plaintiff why they were there. Defendants asked plaintiff to exit his home, but he declined. Defendants did not have a warrant to arrest or to search plaintiff's home.

5.      Defendants subsequently arrested Plaintiff without probable cause and Plaintiff was forced to spend the night in jail. The misdemeanor charge for obstruction of justice was later dismissed by the Magistrate Court. The arrest of Plaintiff was a clear violation of his clearly established Fourth Amendment rights.

6.      Defendants would have known that their conduct was a violation of plaintiff's constitutional rights at the time they arrested Plaintiff, pulled him from his home, cuffed plaintiff for an extensive period of time. Defendants would have known that their conduct was a violation of plaintiff's constitutional rights when they arrested him and searched his home without probable cause or a warrant.

**COUNT I - VIOLATION OF FOURTH AMENDMENT TO UNITED STATES CONSTITUTION – USE OF EXCESSIVE FORCE**

7.      Plaintiff re-alleges and incorporates the allegations in the paragraphs above as if fully set forth herein.

8.      Defendants, as set forth hereinabove, illegally arrested, detained and searched plaintiff's home. Defendants' also used excessive force that was unwarranted, unnecessary, and unjustified. Defendants' actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation on Plaintiff. At no time did Plaintiff pose a threat to the Defendants, himself, or

others.   Defendants kept plaintiff in handcuffs for an excessive period of time even after learning that plaintiff was not the suspect they were looking for.

9.    The excessive force and conduct described above and as used against Plaintiff by the Defendants was a violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable search and seizures and unreasonable intrusions on his bodily integrity.  This conduct is actionable pursuant to 42 U.S.C. § 1983.

10.    Entering Plaintiff's home and pulling him from his home was excessive, outrageous, and an abuse of power in violation of Plaintiff's rights under the Fourth Amendment to be free from excessive force and unlawful searches and seizures.  Further, Defendants' acts, as set forth hereinabove, were done while they were acting under the color of state law.  The Defendants would have known from legal precedent that such conduct was a violation of plaintiff's constitutional rights.

11.    As a result of the aforementioned, Plaintiff spent a night in jail.  Plaintiff was also forced to defend baseless claims even after the officers learned that plaintiff had not committed a crime.  Plaintiff is entitled to compensatory damages, punitive damages, as well as attorney fees and costs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

**COUNT II - VIOLATIONS OF FOURTH AMENDMENT TO UNITED STATES CONSTITUTION – FALSE ARREST/ILLEGAL SEARCH AND SEIZURE**

12.    Plaintiff re-alleges and incorporates the allegations in the paragraphs above as if fully set forth herein.

13.    The Fourth Amendment protects "the right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV.

14.    A seizure is unreasonable under the Fourth Amendment if it is not based on probable cause. *Dunaway v. New York*, 442 U.S. 200, 213 (1979). Thus, "[i]f a person is arrested

when no reasonable officer could believe. . . that probable causes exists to arrest that person, a violation of a clearly established Fourth Amendment right to be arrested only upon probable cause ensues." *Rogers v. Pendleton,* 249 F.3d 279, 290 (4th Cir. 2001)(citation omitted).

15.    In this case, Defendants violated Plaintiff's Fourth Amendment rights by arresting him without probable cause. Plaintiff had informed the officers that he was alone in his home. Plaintiff also provided his name which did not match the CAD sheet information.  Defendants also conducted an illegal search without a warrant or exigent circumstances.  Despite this knowledge, Defendants arrested Plaintiff without any just cause.

16.    As a result of the aforementioned, Plaintiff was forced to spend the night in jail.  Plaintiff has suffered physical injury, mental anguish, embarrassment, humiliation and has otherwise been damaged, with emotional distress, violation of his rights and is therefore entitled to compensatory damages, punitive damages, as well as attorney fees and costs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

## COUNT III - BATTERY

17.    Plaintiff re-alleges and incorporates the allegations in the paragraphs above as if fully set forth herein.

18.    Defendants battered Plaintiff when they grabbed Plaintiff, pushed plaintiff and cuffed him for an extended period of time.

19.    As a result of the aforementioned, Plaintiff has suffered physical injury, mental anguish, embarrassment, humiliation and has otherwise been greatly damaged, with emotional distress, violation of his rights and is therefore entitled to punitive damages, attorney fees and costs.

**COUNT IV – VIOLATION OF THE FOURTH AMENDMENT (42 U.S.C. § 1983) – MALICIOUS PROSECUTION**

20.     Plaintiff re-alleges and incorporates the allegations in the paragraphs above as if fully set forth herein.

21.     "A malicious prosecution claim brought under section 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Hupp v. Cook*, 931 F.3d 307, 323-24 (4th Cir. 2019); *see also Manuel v. City of Joliet, Ill.*, 137 S.Ct. 911, 919 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment.").

22.     To allege a malicious prosecution claim brought under Section 1983, a plaintiff must allege "that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Hupp v. Cook*, 931 F.3d 307, 324 (4th Cir. 2019).

23.     The criminal complaint against Plaintiff was dismissed and the criminal proceedings against him were terminated.

24.     As a result of the aforementioned, Plaintiff was forced to spend the night in jail. Plaintiff was also forced to expend money in defense of a frivolous charge.  Plaintiff has suffered physical injury, mental anguish, embarrassment, humiliation and has otherwise been greatly damaged, with emotional distress, violation of his rights and is therefore entitled to punitive damages as well as attorney fees and costs pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.

### COUNT V – COMMON LAW MALICIOUS PROSECUTION

25.     Plaintiff re-alleges and incorporates the allegations in the paragraphs above as if fully set forth herein.

26.     "Under West Virginia law, a plaintiff brining a malicious prosecution claim must show '(1) that the prosecution was set on foot and conducted to its termination, resulting in plaintiff's discharge; (2) that it was caused or procured by defendant; (3) that it was without probable cause; and (4) that it was malicious." *Hupp v. Cook*, 931 F.3d 307, 325 (4th Cir. 2019)(quoting *Goodwin v. City of Shepherdstown,* 825 S.E.2d 363, 368 (W.Va. 2019).

27.     "Where a 'want of probable cause for the prosecution is shown by a preponderance of the evidence,' malice may be inferred." *Truman v. Fid. & Cas. Co. of N.Y.*, 146 W.Va. 707, 123 S.E.2d 59, 68 (1961); *Morton v. Chesapeake & Ohio Ry. Co.*, 184 W.Va. 64, 399 S.E.2d 464, 467 (1990)." *Hupp*, 931 F.3d at 325.

28.     The criminal complaint against Plaintiff was dismissed and the criminal proceedings against him were terminated.

29.     As a result of the aforementioned, Plaintiff has suffered physical injury, mental anguish, embarrassment, humiliation and has otherwise been greatly damaged, with emotional distress, violation of his rights and is therefore entitled to punitive damages as well as attorney fees and costs pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants and requests that the Court award damages including, but not limited to, physical injury, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment

interest, attorney's fees and expenses.  Plaintiff does not seek direct punitive damages from the

West Virginia State Police.

      PLAINTIFF DEMANDS A TRIAL BY JURY.


                PHILLIP COMEAU,
                By Counsel,

                **/s/ Paul M. Stroebel**
                Paul M. Stroebel (WV Bar #5758)
                Attorney for Plaintiff
                Stroebel & Stroebel, PLLC
                405 Capitol Street; Suite 102
                P.O. Box 2582
                Charleston, WV 25329
                Telephone: (304) 346-0197
                Fax: (304) 346-6029
                E-mail: paulstroeb@aol.com